BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 13 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PENNSYLVANIA LIFE COMPANY          )
SECURITIES LITIGATION                    )   DOCKET NO. 183

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL *, JUDGES OF
THE PANEL

PER CURIAM

All actions in this litigation allege violations of various federal securities laws involving the sale of Pennsylvania Life Co. (PLC) securities. Except the Benyas action in the Eastern District of Michigan,[1/] each action appears to focus primarily upon the alleged failure of PLC's directors and officers to divulge material information to the investing public concerning the nature and extent of various business dealings between PLC and the Equity Funding Corporation of America (EFCA), including their respective subsidiaries. These business transactions are alleged to have had a substantially adverse effect upon PLC's financial condition and, consequently, upon the value of its securities.

Basically, the eleven actions that have been instituted

---

\*   Although Judges Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1/  David Benyas, et al. v. Pennsylvania Life Company and Penn General Agencies, E.D. Michigan, Civil Action No. 4-71318.

in five districts can be categorized into two groups. One group is comprised of five purported class actions on behalf of all purchasers of PLC common stock securities during various periods from 1969 through 1973. Plaintiffs allege that the investing public was defrauded both by defendants' nondisclosure of material facts and by their issuance of false and misleading financial statements, which artificially inflated the price of PLC securities. The other group contains six actions brought by individuals who allege that they were defrauded into selling their insurance agencies to PLC or one of its subsidiaries in exchange for PLC securities.

Plaintiff Krumholz moves the Panel for an order transferring all actions to the Central District of California. While all of the parties agree that some coordination of these actions for pretrial proceedings is necessary, they disagree both as to the number of actions to be transferred and as to the most appropriate transferee forum. With the exception of the Benyas action, we find that all actions involve common questions of fact and that their transfer to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The first dispute amongst the parties concerns the appropriate actions to transfer to a single district for coordinated or consolidated pretrial proceedings. Some parties contend that all actions should be transferred, while other parties would

exclude the Benyas action. A third group proposes the transfer of all class actions, with the individual actions remaining in their respective districts. Except for the Benyas action, which will be discussed infra, we are convinced that transfer of all actions to the same district for pretrial supervision by a single judge is the sensible approach to eliminate duplication of discovery and to prevent inconsistent pretrial decisions. Common factual questions clearly pervade all of the actions and a majority of the documents and witnesses relevant in the purported class actions will be pertinent in the individual actions. As a result, we perceive no justification for conducting separate pretrial proceedings of the class and individual actions. A schedule of pretrial matters unique to a particular action can, of course, be designated at the discretion of the transferee judge.

The second controversy amongst the parties centers upon the most appropriate transferee forum for this litigation. A substantial minority of parties favor the transfer of some of these actions to the Southern District of New York because two judges in that district have been supervising five of the eleven actions in this litigation for over a year. One party desires the transfer of certain actions to the District of Delaware because there is substantially less calendar congestion in that district than in either the Central District of California or the Southern District of New York. We are not persuaded by the arguments favoring transfer to either of these districts. Instead, we agree with the majority of the parties that the Central District of Cali-

fornia is the best location for the pretrial processing of this litigation pursuant to Section 1407. Most of the corporate and individual defendants can be found there, along with their records and documents.

The Benyas Action

This action is a private contract dispute involving operative facts distinct from the other actions. For example, the only defendants in Benyas are PLC and Penn General Agencies, Inc. (PGA), a PLC partially-owned subsidiary, and not auditors, directors or officers named as defendants in the other ten actions. In addition, it appears that the documents relied upon by plaintiffs in Benyas to prove their claims are different from those relied upon by the plaintiffs in the remainder of the litigation. Moreover, Benyas involves several alleged oral misrepresentations, whereas the other actions focus on alleged written misrepresentations. Finally, and most importantly, since PGA entered into long-term management contracts with plaintiff Benyas, whereby Benyas was to operate the two insurance agencies that he sold to PLC, the Benyas action has developed into a struggle for actual control of the two agencies. This problem is unique to the action and has necessitated substantial involvement by the Michigan court in the daily business operations of the two agencies.

Because of the unique problem in Benyas and the fact that it raises only limited questions of fact common to the other actions, the Benyas action should remain in the Eastern District

of Michigan. It would be improvident to saddle the transferee court with the acute burden of supervising the daily business operations of the two insurance agencies over which plaintiff Benyas and defendant PLC are struggling for control. And we are confident that if there is any potential duplication of discovery, counsel will cooperate and arrange to have that discovery take place but once.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that transfer of <u>David Benyas, et al. v. Pennsylvania Life Company and Penn General Agencies</u>, E.D. Mich., Civil Action No. 4-71318, pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

SCHEDULE A                                                         DOCKET NO. 183

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Irene Janeczko v. Pennsylvania Life Company, et al. | Civil Action No. 73 Civ. 2491 |
| Maurice Paprin v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 2581 |
| Bernard Krumholz v. Smith, Barney & Co., Inc., et al. | Civil Action No. 74 Civ. 2930 |
| Leonard Kaufer v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 3051 |
| Maurice Paprin v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 3178 |

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael C. Fields, et al v. Pennsylvania Life Company, et al. | Civil Action No. CV-74-950-AAH |
| Meyer D. Rich v. Pennsylvania Life Company, et al. | Civil Action No. CV-74-2212-R |
| Morris Stark, et ux. v. Pennsylvania Life Co., et al. | Civil Action No. CV-74-2623-RJK |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Pennsylvania Life Company v. International Equities Ltd., et al. | Civil Action No. 788-73 |

### DISTRICT OF DELAWARE

| | |
|---|---|
| Edward R. Lehman v. Pennsylvania Life Company, et al. | Civil Action No. 74-156 |

DOCKET NO. 183

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PENNSYLVANIA LIFE COMPANY SECURITIES LITIGATION

    David J. Levitt, et al. v. Pennsylvania Life Co.,
      et al., E.D. Pennsylvania, Civil Action No.
      77-142

## ORDER TO SHOW CAUSE

You and each of you are hereby ordered to show cause why the above-captioned action should not be transferred pursuant to 28 U.S.C. §1407 to the Central District of California and assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with the actions previously transferred. See, In re Pennsylvania Life Company Securities Litigation, 389 F. Supp. 981. Responses to this order shall conform with the requirements of Rule 8 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 65 F.R.D. 253 (1975).

You are futher notified that the issuing of this order by the Panel does not affect or suspend orders and discovery proceedings in the district courts in which said multidistrict litigation is pending. RPJPML (Rule 16)

                    FOR THE PANEL:

                    *John Minor Wisdom*

                    John Minor Wisdom
                        Chairman

DOCKET NO. 183


JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAY 5 1977

IN RE PENNSYLVANIA LIFE COMPANY SECURITIES LITIGATION
   Joseph F. Darpel, et al. v. Pennsylvania Life Insurance,
   et al., E.D. Missouri, Civil Action No. 77-116C(1)

TRANSFER ORDER

     It appearing that all parties to the above-captioned action either agree on the desirability of or do not oppose transfer of that action to the Central District of California for coordinated or consolidated pretrial proceedings with the actions in this litigation which were previously transferred to that district[1]/ and, upon consideration of the papers filed and the hearing held, the Panel having found that the above-captioned action involves common questions of fact with the actions in this litigation previously transferred to the Central District of California and assigned to the Honorable Manuel L. Real and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation,

     IT IS THEREFORE ORDERED that the above-captioned action pending in the Eastern District of Missouri be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with the actions in this litigation previously transferred to that district and assigned to the Honorable Manuel L. Real.

FOR THE PANEL:

John Minor Wisdom
Chairman

5/5/77

---

[1]/ In re Pennsylvania Life Company Securities Litigation, 389 F. Supp. 981 (J.P.M.L. 1975).

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

AUG 31 1977

IN RE PENNSYLVANIA LIFE COMPANY ) 
SECURITIES LITIGATION ) DOCKET NO. 183
 )
David J. Levitt, et al. v. Pennsylvania )
Life Ins. Co., et al., E.D. Pennsylvania, )
Civil Action No. 77-142 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER*, JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously transferred several actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with related actions already pending there. In re Pennsylvania Life Company Securities Litigation, 389 F. Supp. 981 (J.P.M.L. 1975). The plaintiffs in the actions in the transferee district allege violations of the federal securities laws, inter alia, in connection with the sale of Pennsylvania Life Company (PLC) securities. The actions focus primarily on the alleged failure of PLC's officers and directors to divulge information to the investing public concerning various business dealings of PLC and certain of its subsidiaries with Equity Funding

---

*Judges Lord and Harper took no part in the consideration or decision of this matter.

Corporation of America and certain of its subsidiaries. These business transactions are alleged to have had a substantial adverse effect upon PLC's financial condition and, consequently, upon the value of its securities.

The actions in the transferee district are of two basic types. One group of actions (open market purchaser actions) were brought by purchasers of PLC common stock on the open market. Judge Real certified a class in those actions which consisted of various persons who purchased PLC common stock on the open market during the period from April 8, 1970, through October 20, 1973. On March 22, 1977, Judge Real approved a settlement regarding the open market purchaser class and ordered the dismissal of the claims on behalf of all members of the open market purchaser class, with the exception of twenty individuals who had opted out of that class. Some open market purchaser actions in the transferee district which were brought by persons who opted out of the class are still pending.

Another group of actions in the transferee district (broker actions) were brought by individuals who allege that they were defrauded into selling their insurance agencies to PLC or one of its subsidiaries in exchange for which they received PLC securities at an inflated price.

The above-captioned action, Levitt, was recently brought under the federal securities laws and principles of common law fraud by five of the individual purchasers of PLC common stock

who had opted out of the class that was determined in the transferee district. Defendants are PLC and PLC's accountants. Plaintiffs in Levitt allege that the defendants, by concealing the true financial condition of PLC, wrongfully induced plaintiffs to purchase 15,000 shares of PLC stock at an artificially inflated price.

Since Levitt appeared to involve questions of fact common to those in the actions previously transferred, the Panel ordered the parties to show cause why this action should not also be transferred to the Central District of California for inclusion in the Section 1407 pretrial proceedings in that district. See Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975). Defendants favor transfer while the plaintiffs in Levitt oppose transfer.

We find that Levitt involves common questions of fact with the previously transferred actions, and that its transfer to the Central District of California under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in Levitt contend that the open market purchaser phase of this litigation has, for all practical purposes, been concluded by the court-approved settlement between defendants and the class of open market purchasers. As a result of that settlement, plaintiffs in Levitt maintain, only the broker actions, which are unrelated to Levitt, are active in the transferee district. Therefore, these plaintiffs

assert, transfer of Levitt is inappropriate at this stage of the proceedings in the transferee district.

We find these arguments unpersuasive. Levitt and all the previously transferred actions in this litigation, whether open market purchaser actions or broker actions, involve common questions of fact concerning the business dealings between PLC and Equity Funding, and the alleged failure of PLC's officers and directors to divulge information concerning those business dealings. See In re Pennsylvania Life Company Securities Litigation, supra, 389 F. Supp. at 982-83. Levitt of course shares factual questions with the other actions still pending in the transferee district that have been brought by individuals who opted out of the class of open market purchasers.[1] Thus, transfer of Levitt for inclusion in the Section 1407 proceedings is necessary in order to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary. See In re Sta-Power Industries, Inc. Securities and Antitrust Litigation, 404 F. Supp. 476, 477 (J.P.M.L. 1975); In re Four Seasons Securities Laws Litigation, 352 F. Supp. 964, 965-66 (J.P.M.L. 1973). The transferee judge, because of his familiarity with the issues involved in this litigation, is surely in the best position to integrate discovery proceedings

---

[1] Defendants state that other individuals who opted out of the class in the transferee district may file additional actions.

in <u>Levitt</u> with proceedings in the previously transferred actions. Moreover, any relevant discovery heretofore completed in the transferee district may be made applicable to <u>Levitt</u> by utilizing the procedures recommended in the <u>Manual for Complex Litigation</u>, Parts I and II, §§3.11 (rev. ed. 1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled <u>David J. Levitt, et al. v. Pennsylvania Life Co., et al.</u>, E.D. Pennsylvania, Civil Action No. 77-142, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.